IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. LAMORGESE, | ) | CASE NO. 1:14 CV 1104 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

# Introduction

Before me by referral[1] is an action by Michael L. Lamorgese under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Pursuant

---

[1] This matter was referred to me under Local Rule 72.2 in a marginal entry order dated May 22, 2014.

[2] ECF # 1.

[3] ECF # 11.

[4] ECF # 12.

to my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]

## Facts

**A.     Background facts and decision of the Administrative Law Judge ("ALJ")**

Lamorgese, who was 50 years old at the time of the administrative hearing,[10] has only a 9th grade education,[11] which he obtained mostly in special education classes.[12] An Army veteran,[13] he lives alone in an apartment next to the VA hospital, and from there he walks to the store and to appointments at the hospital, since he has not driven a car in two years.[14] His

---

[5] ECF # 6.

[6] ECF # 13.

[7] ECF # 21 (Commissioner's brief); ECF # 16 (Lamorgese's brief); ECF # 22 (Lamorgese's reply brief).

[8] ECF # 21-1 (Commissioner's charts); ECF # 16-2 (Lamorgese's charts).

[9] ECF # 16-1 (Lamorgese's fact sheet).

[10] *Id*. at 1.

[11] *Id*.

[12] ECF # 16 at 2 (citing record).

[13] *Id*.

[14] Transcript ("Tr.") at 20.

last employment was as a truck driver, and he past relevant work was as a hand sander, a cable inspector, a pawn shop clerk and as a cleaner.[15]

The ALJ, whose decision became the final decision of the Commissioner, found that Lamorgese had the following severe impairments: degenerative disc disease and affective disorder.[16]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Lamorgese's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. He can occasionally stoop and crouch, but never crawl. He can make simple work related decisions in an environment with low time and production standards. He is able to get along with others, including supervisors and coworkers, at least on a superficial, brief, intermittent basis.[17]

Based on that RFC, and the testimony of a vocational expert, the ALJ found Lamorgese capable of his past relevant work as a truck driver and hand sander.[18]

Therefore, ALJ found that Lamorgese was not under a disability.[19]

**B.   Issues on judicial review**

---

[15] *Id*. at 26.

[16] Transcript ("Tr.") at 19.

[17] *Id.* at 21.

[18] *Id.* at 26.

[19] *Id.*

Lamorgese asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Lamorgese's challenge presents the following issue for judicial review:

- Both the decision and the hypothetical question to the VE contained a restriction to "low time and production standards." The VE identified truck driver and hand sander as the only two of claimant's past occupations that could be performed under the hypothetical question. Yet on further questioning, the VE conceded that trucker driver and hand sander may involve fast pace and time pressures. The agency's rules require the decision to inquire fully into the demands of past work. Does substantial evidence support this finding? [See Tr. at 26 == "The vocational expert testified that the claimant has past work as a cleaner and that he performed this work during the past fifteen years. Hence, the undersigned finds that such work is past relevant work."

For the reasons that follow, I will recommend that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, should be reversed, with matter remanded.

## Analysis

**A.     Standards of review - substantial evidence**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant

> evidence as a reasonable mind might accept as adequate to support a conclusion.' "

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[20]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[21] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[22]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.    Application of standard**

This case essentially involves the question of whether an ALJ can safely ignore clarifying testimony from the vocational expert that fatally undermines an earlier observation that certain jobs were available to the claimant under the RFC.

Simply put, the VE in this case initially responded to the hypothetical question based on the RFC by testifying that Lamorgese could perform two of his past relevant jobs - truck

---

[20] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[21] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[22] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

driver and hand sander - with the restrictions contained in the RFC.[23]But, under cross-examination by counsel for the claimant, the VE conceded that both identified jobs could involve fast pace and time pressures, and, as such, they would not be suitable for a person with Lamorgese's RFC.[20]

Despite this testimony, the ALJ did not further examine whether these two jobs, as performed by the claimant or as generally performed in the economy, actually did involve fast pace or time pressures such as would remove them from a list of jobs available to this claimant.

Rather, the Commissioner now argues that the VE's conclusions, even with the clarifications, do not contradict the RFC. Basically, the Commissioner contends that even if it is true that both a truck driver and a hand sander would operate under *some* time pressure to complete tasks, or *some* quotas imposed by a supervisor, the VE's testimony - and the ALJ's conclusion - that both jobs are available to a person limited to "*low* time and production standards" remains fully supported in the record.[21]

Unfortunately, on judicial review, it is clear that the present record is silent on whether "some" is identical to "low," and further silent on the crucial question of how many of such jobs actually involve only permissibly "low" quotas or "low" time standards, rather than impermissibly high quotas and/or high time standards. As Lamorgese points out, this

---

[23] Tr. at 64.

[20] *Id*. at 67-68.

[21] ECF # 21 at 7.

situation is certainly addressed by SSR 82-62, which mandates that the ALJ obtain "precise description[s]" of the relevant job duties so as to resolve the point "as clearly and explicitly as circumstances permit."

This failure by the ALJ to clarify how Lamorgese's limitations as set out in the RFC were actually accommodated by the jobs identified, given the questions raised in the cross-examination of the VE, makes judicial review of the ultimate decision virtually impossible. Although the burden of proof is with the claimant at step four, the Ninth Circuit noted in *Pinto v. Massanari*:[22]

> Because the ALJ made very few findings and relied largely on the conclusions of the vocational expert, it is difficult for this Court to review his decision. As the Tenth Circuit has noted, "[r]equiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When ... the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the [vocational expert's] head, we are left with nothing to review."[23]

Here, although it is theoretically conceivable that truck driving and hand sanding jobs, performed by Lamorgese or as generally performed in the national economy, accommodate low time and production standards, as that term may be properly defined in his case, that evidence is not clear in this record. And without such supporting findings, the general conclusion by the VE in this instance under the particular facts here, is not substantial evidence to support Commissioner's conclusion that Lamorgese is not disabled.

## Conclusion

---

[22] 249 F.3d 840 (9th Cir. 2001).

[23] *Id*. at 845 (quoting *Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996)).

Thus, for the reasons stated, I recommend finding that substantial evidence does not support the finding of the Commissioner that Lamorgese had no disability. Accordingly, I further recommend that the decision of the Commissioner denying Lamorgese disability insurance benefits and supplemental security income be reversed, and the matter remanded for further proceedings consistent with this opinion.

Dated: May 8, 2015				s/ William H. Baughman, Jr.
						United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[24]

---

[24] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).