UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. LAMORGESE, ) | Case No.: 1:14 CV 1104 |
| ) | |
| Plaintiff ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| COMMISSIONER ) | |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant ) | <u>ORDER</u> |

## I. INTRODUCTION

The Commissioner of Social Security (the "Commissioner" or "Defendant") denied disability benefits to the claimant, Michael L. Lamorgese ("Plaintiff" or "Lamorgese") in the above-captioned case. Lamorgese sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge William H. Baughman, Jr. ("Judge Baughman" or "Magistrate Judge"), for preparation of a Report and Recommendation ("R&R"). Both parties submitted briefs on the merits. Lamorgese sought an order reversing the Commissioner's decision and finding that he is entitled to benefits. The Commissioner sought final judgment upholding the decision below. Judge Baughman submitted his R&R on May 8, 2015, recommending that the Administrative Law Judge's ("ALJ") decision be reversed and remanded. (ECF No. 23.) The Commissioner filed an Objection to the Magistrate Judge's R&R on May 21, 2015 (ECF No. 24), to which Plaintiff filed a Reply on June 8, 2015 (ECF No. 25). Because Defendant filed Objections to the R&R, the court undertakes a *de novo* review pursuant to Federal Rule of Civil Procedure 72(b)(3). After conducting such review, the

court, for the following reasons, adopts the Magistrate Judge's R&R in full, and remands the case for further proceedings consistent with this Order.

## II. BACKGROUND

Lamorgese applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on April 14, 2011, alleging a disability onset date of August 5, 2010, due to chronic pain, low back pain, anxiety, and depression. The state disability determination service denied Plaintiff's applications initially and on reconsideration, and Plaintiff requested a hearing before an ALJ. At the disability-determination hearing, the ALJ questioned a Vocational Expert ("VE") as to Plaintiff 's Residual Functional Capacity ("RFC"), or the work he would be able to perform given his health limitations. On direct examination, the VE testified that, due to his impairments, Plaintiff could work in environments with "low time and production standards," (Tr. at 68), and concluded that Plaintiff would be able to perform his past work as a truck driver and hand sander (*Id.*). Upon cross-examination, however, the VE admitted that hand sanding could be fast-paced, and also admitted that truck driving could involve some time pressure:

> Q: And so hand sander could be a fast paced job, or with quotas, correct?
>
> A: Correct.
>
> Q: And some hand sanders would have higher production standards than others, is that right?
>
> A: That's right.
>
> Q: And with truck drivers, would there be times that they would have some time pressure to complete runs in a certain amount of time?
>
> A: Yes.

> Q: And you hear about truck drivers being under a time pressure to finish, to arrive at a certain place, make their delivery by a certain time and get back. Is that your experience also?
>
> A: Yes.

(Tr. at 72, ECF No. 12.) In a decision entered on December 18, 2012, the ALJ determined that Plaintiff had degenerative disc disease and affective disorder, but ultimately concluded that Plaintiff was not disabled because he retained the ability to perform past relevant work as a truck driver and hand sander. (Tr. at 23, 30.)

The Appeals Council denied Plaintiff's request for review, which made that decision final. Plaintiff sought review of this decision by the Magistrate Judge on August 27, 2014. At issue here is whether the ALJ's findings were adequate regarding whether Plaintiff could perform past work, given the VE's conflicting testimony as to the time pressures under which Plaintiff could perform. Plaintiff filed his Merits Brief on August 27, 2014. Plaintiff argued that the ALJ failed to fully explain her conclusion as to whether he retained the functional capacity to perform past work. Specifically, Plaintiff cited Social Security Regulation ("SSR") 82-62, which he argued, requires the ALJ to develop evidence on the record that clearly demonstrates whether Plaintiff can perform past work. This duty exists, Plaintiff argued, notwithstanding the fact that a social-security claimant generally has the burden of demonstrating that he cannot perform past work. Defendant responded that the VE's acknowledgment that truck drivers would have some pressure does not contradict his earlier testimony that an individual that was limited to low time pressure would be able to perform work as a truck driver. Defendant further argued that, regardless, the ALJ has satisfied her duty under SSR 82-62, and that this court must affirm its decision even if the ALJ could have reasonably come to a different conclusion.

-3-

In his R&R, the Magistrate Judge recommended that the court reverse and remand the Commissioner's decision. The Magistrate Judge determined that the ALJ's finding was not supported by substantial evidence, because the ALJ did not make sufficient, on-the-record, findings to allow the court to resolve the apparent inconsistencies in the VE's testimony. Stated differently, the Judge concluded that it is not clear from the record whether truck-driving and hand-sanding jobs accommodate low time and production standards, and because of this, the ALJ's findings do not provide for meaningful review. Defendant filed Objections to the R&R, arguing that the VE's statement that truck driving could involve "some pressure" does not contradict his earlier testimony, because "some" could incorporate "low," and because the VE was testifying against the background of Plaintiff's own statements regarding the demands of his past work. The Defendant further stressed that the Plaintiff has the burden of proving that he cannot perform past relevant work.

### III. LEGAL STANDARD

Judicial review of an ALJ's decision denying SSI benefits is limited to determining whether substantial evidence supports the ALJ's decision and whether the ALJ applied the correct legal standards in reaching her conclusion. *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). Under 42 U.S.C. § 405(g), the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Sixth Circuit has defined "substantial evidence" as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). An ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Baker v. Astrue*, No. 1:11CV 1096, 2012 WL 4322607, *2 (N.D. Ohio Sept. 20, 2012) (citations omitted).

## IV. LAW AND ANALYSIS

### The ALJ's Step-Four Finding

In order to be entitled to SSI, a plaintiff must establish the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months, and that the impairment renders him unable to engage in any substantial gainful employment. 42 U.S.C. § 423(d)(1)(A); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Under the Social Security Act, the Secretary must follow a "five-step sequential process" in evaluating disability claims. Relevant here is the ALJ's step-four finding. At step four of the evaluation process, the ALJ must determine whether the claimant has the residual functional capacity to perform the requirements of relevant past work, or work that was actually performed by claimant. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *see also* 20 C.F.R. §§ 404.1520, 416.920.

A social-security claimant has the burden of proving that he could not perform his past work. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011). However, SSR 82-62 indicates that in determining whether a claimant has the functional capacity to perform past work, the ALJ must "secure evidence that resolves the issue as clearly and explicitly as circumstances permit." Thus, regardless of Plaintiff's burden at step four, SSR 82-62 imposes a procedural requirement on the ALJ that mandates the steps that she must take in reaching her decision. That is, the ALJ has a duty to make adequate findings on the record that "clearly and explicitly" resolve the issue of a claimant's relevant job duties, whether or not a claimant satisfies his step four burden. A remand is required where an ALJ fails to "show that the claimant's RFC is consistent with the demands of his past relevant work." *Baker*, 2012 WL 4322607 at *3.

There are two findings, related to the ALJ's step-four analysis, relevant to the current matter. First, is the ALJ's determination that Plaintiff was limited to work environments with low time and production standards. (Tr. at 25.) Second, is the ALJ's finding that Plaintiff could perform his past work as a truck driver and hand sander, despite his limitations. The ALJ's conclusion was explicitly based on the VE's testimony:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. The vocational expert testified that considering the above referenced limitations, such an individual could perform the claimant's past relevant work as Truck Driver and a Hand Sander, given the limitations outlined in the residual functional capacity. Hence, the undersigned finds that such work is past relevant work.

(Tr. at 30.) However, the ALJ did not explicitly resolve the inconsistency underlying the VE's testimony. This inconsistency created ambiguity with regard to the time pressure involved in Plaintiff's past work, because, as the Magistrate Judge noted, it cannot be determined "whether 'some' is identical to 'low.'" (R&R at 6, ECF No. 23.) Because the court does not know the precise time pressure that would be involved in Plaintiff's past work, it cannot determine whether Plaintiff can perform this work. Stated differently, the ALJ's failure to clarify "makes judicial review of the ultimate decision virtually impossible." (R&R at 7.) Additionally, there is nothing on the record to suggest that the circumstances did not permit the ALJ to clearly resolve this issue. While it is true that the ALJ could have been operating under the assumption, as Defendant argues she was, that there is no practical difference between "some time pressure" and "low time pressure" the court cannot draw that conclusion here, and have its own conclusions take the place of the findings that the ALJ must make clearly and on the record. And, although Defendant is correct to argue that this court could not reverse the ALJ's decision because it disagreed with the outcome, the court does not review the ALJ's decision on the merits. Rather, the court considers whether the ALJ satisfied her procedural

-6-

duty to "clearly and explicitly" determine Plaintiff's functional capacity to perform past work. S.S.R. 82-62. The court finds that as she has not, and thus also finds that the ALJ's decision is not supported by substantial evidence. Consequently, reversal is required.

## V.  CONCLUSION

For the foregoing reasons, the court adopts Judge Baughman's Report and Recommendation. (ECF No. 23.) The ALJ's decision is hereby reversed and the instant matter remanded for further proceedings consistent with this Order. Specifically, upon remand, the ALJ should fully evaluate the record evidence, properly determine, and indicate on the record whether Plaintiff can perform his past work as a truck driver and hand sander based on his Residual Functional Capacity.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 24, 2015